IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFERY T. ARRINGTON, | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0241 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|    Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JEFFERY T. ARRINGTON.  By his habeas application, petitioner challenges a May 2, 2005 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of fighting with a weapon, a Level 1, Code 2.2 offense.  Petitioner was punished with the forfeiture of 180 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner states he filed a Step 1 grievance which was denied May 23, 2005.  Petitioner avers he then filed a Step 2 grievance which was denied on June 27, 2005. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

habeas corpus should be DENIED.

# I.
## STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 362nd Judicial District Court of Denton County, Texas.  In *The State of Texas v. Jeffery T. Arrington*, No. F-96-0662-D, petitioner pleaded guilty to the offense of burglary of a habitation, and on February 11, 1999, petitioner was sentenced to a term of imprisonment of fifteen (15) years.  Petitioner is also in the lawful custody of the TDCJ-CID as a result of a two (2) judgments and sentences out of the 292nd Judicial District Court of Dallas County, Texas.  In both cases styled *The State of Texas v. Jeffery T. Arrington*, No.s F-9702385-TV and F-9702386-TV, petitioner was charged with and pleaded guilty to the offenses of driving while intoxicated.  On October 3, 1997, petitioner was sentenced to terms of imprisonment of ten (10) years, such terms to be served concurrently.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

# II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20050227482 in the following respects:

1.    His conviction was obtained arbitrarily;

    2.       His due process rights were violated because he was unable to confront the charging officer;

    3.       His due process rights were violated because he was unable to confront his accuser, inmate Locklin Leslie;

    4.       There was insufficient evidence to support the finding of guilt based solely on the false and uncorroborated statement of the charging officer.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As stated previously, petitioner avers he filed both a Step 1 and Step 2 grievance in an attempt to appeal the finding of guilt through the prison or TDCJ grievance procedure. Such

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

grievances were denied on May 23, 2005 and June 27, 2005 respectively.  It appears, based upon petitioner's representations to the Court, that he has sufficiently exhausted his administrative remedies.[3]

## IV.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process.  The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied.  Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all.  *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner's first and fourth claims are essentially challenges to the

---

[3]Petitioner has failed to provide the Court with the disciplinary records relevant to his case.

sufficiency of the evidence.  Petitioner argues in his first claim that the finding of guilt was imposed after he denied the allegation and after he stated that inmate Leslie's wound was self-inflicted.  In his fourth claim, petitioner argues the officer's statement was false and uncorroborated.

Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all.  *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).  Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication.  Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense report and/or the charging officer's testimony.  The evidence relied upon by the hearing officer constitutes "some evidence" and is sufficient to support the disciplinary conviction.  Petitioner's allegation that this evidence was false does not entitle him to relief.  These claims are without merit.

Petitioner appears to aver in his second and third claims, that his due process rights were violated because he was denied an opportunity to "confront" two witnesses, the charging officer and the inmate who accused petitioner of injuring him.  Petitioner has not specifically alleged such, but treating his claim as a complaint that he was denied the right to call, or have present, the charging officer Strickland and inmate Leslie, presumably in order to cross-examine them, petitioner is not entitled to relief on the basis of a denial of these witnesses.  The right to call witnesses at a prison disciplinary hearing is not absolute.  Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals.  In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85

L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of these witnesses, if such was erroneous, justifies relief to petitioner. Further, petitioner has not shown prejudice because he has failed to instruct the Court what these witnesses would have testified about or how such testimony would have changed the outcome of petitioner's case. The record does not indicate petitioner was otherwise denied any witnesses or documentary evidence. These claims are without merit.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEFFERY T. ARRINGTON is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>3rd</u> day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).